Thomas, Justice, delivered the opinion of the court: The defendant in error brought his action of assumpsit against the plaintiff in error, in the Jo Daviess circuit court, on a certain promissory note executed by the former, by the description of “ R. B. McDowell, adm’r. of N. Bates, dec’d,” to the latter, by the description of “A. G. S. Wight, adm’r. de bonis non of the estate of Francis Bouthillier, dec’d.,” for the sum of $444, that “being the balance due from the estate of said N. Bates to the estate of said F. Bouthillier.” The process having been duly served, a judgment by default was rendered against the defendant below, “ as administrator de bonis non of the estate of Nehemiah Bates, dec’d.,” for the sum of $463.98, the plaintiff’s damages, as assessed by the clerk, together with costs; and it was adjudged that the said plaintiff “ have execution therefor against the goods and chattels, lands and tenements, ,of the said Nehemiah Bates, deceased, if any can be found in this (Jo Daviess) county, and if not, then against the proper goods and chattels, lands and tenements of the said Robert B. McDowell.” The cause comes into this court by writ of error for the reversal of that judgment. Among other proceedings of the circuit court, the regularity of which is questioned by the assignment of errors, it is alleged that “ the court erred in rendering judgment against the lands of the intestate.” This objection is well taken. The court had no authority by law to render a judgment against the lands of the intestate, in a proceeding in personam against his administra- [*404] tor. This point was expressly settled by this court, in the case of Greenwood v. Spiller, 2 Scam. 502. For this error, then, without examining into any other question arising upon the record, the judgment must be reversed. The cause will be remanded to the circuit court of Jo Daviess county, with instructions to award a venire de novo. Judgment reversed,